1
2
3
4
5
6
7
8
9
10              UNITED STATES DISTRICT COURT

11             EASTERN DISTRICT OF CALIFORNIA

12
                     ----oo0oo----
13

14  EMPIRE FIRE AND MARINE
    INSURANCE COMPANY, a
15  corporation duly organized
    under the laws of the State of
16  Oklahoma, with principal place
    of business in State of
17  Nebraska,
                                    NO. CIV. S 05-0716 MCE DAD
18          Plaintiff,

19      v.                          MEMORANDUM AND ORDER

20  MARK BROOM III, an individual;
    KAREN BROOM, an individual;
21  Does 1 through 50,

22          Defendants.

23                   ----oo0oo----

24

25      Presently before the Court is a Motion to Dismiss,

26  predicated on lack of subject matter jurisdiction under Federal

27

28

Rule of Civil Procedure 12(b)(1)[1], filed by Defendant Karen Broom ("Karen"). Karen contends the instant declaratory action, filed by Plaintiff Empire Fire and Marine Insurance Company ("Empire"), must be dismissed because the state court is the proper forum for resolution of all the issues. Alternatively, Karen contends that this action should be stayed. For the reasons set forth below, Karen's motion is DENIED.[2]

## BACKGROUND

Defendant Mark Broom, III ("Mark") rented a vehicle from Enterprise Rent A Car ("Enterprise"). In conjunction with the rental, Mark purchased insurance coverage under a Supplemental Liability Insurance policy ("policy") provided by Empire. When driving the vehicle, Mark was involved in a single vehicle accident in which Karen suffered injuries. Karen brought a personal injury action against Mark and Enterprise in Sacramento County Superior Court.

Empire's policy exempts "injury to or property damage suffered by the renter, any authorized driver or employee of the renter, or family members of the aforementioned related by blood, marriage or adoption if such family member resides in the same household with the renter...". Pl.'s Compl. ¶ 8. Empire seeks a

---

[1] Unless otherwise stated, all further references to a Rule are to the Federal Rules of Civil Procedure.

[2] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument. E.D. Local Rule 78-230(h).

judicial declaration that, regardless of the outcome in the state court action, Mark is not entitled to indemnity for injuries to Karen under its policy.

**STANDARD**

On a motion to dismiss pursuant to Rule 12(b)(1), the standard the court applies varies according to the nature of the jurisdictional challenge.  A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of jurisdiction contained in the complaint as insufficient on their face to demonstrate the existence of jurisdiction ("facial attack"), or may be made as a "speaking motion" attacking the existence of subject matter jurisdiction in fact ("factual attack").  Thornhill Publishing Co. v. General Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  If the motion constitutes a facial attack, the court must consider the factual allegations of the complaint to be true.  Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981); Mortensen, 549 F.2d at 891.  If the motion constitutes a factual attack, however, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  Thornhill, 594 F.2d at 733 (quoting Mortensen, 549 F.2d at 891).

3

**ANALYSIS**

"In a case of actual controversy within its jurisdiction, ... any court of the United States may ... may declare the rights and legal obligations of any interested party seeking such declaration." 28 U.S.C. § 2201 (West 1994). When a party challenges the court's subject matter jurisdiction over a declaratory action, the district court determines whether the lawsuit presents a case or controversy and whether exercising the court's discretionary jurisdiction is appropriate. The court must make a sufficient record of its reasoning to enable appellate review. <u>Government Employees Ins. Co. v. Dizol</u>, 133 F.3d 1220, 1222-23, 1225 (9th Cir. 1998) ("GEICO").

**1.   Case or Controversy Requirement**

An action by an insurer to determine its liability to defend or indemnify an insured satisfies the case or controversy requirement. <u>GEICO</u>, 133 F.3d at fn. 2; <u>Am. Nat'l Fire Ins. v. Hungerford</u>, 53 F.3d 1012, 1015-16 (9th Cir. 1995); <u>Am. States Ins. Co. v. Kearns</u>, 15 F.3d 142, 144 (9th Cir. 1994).

**2.   Exercise of Court's Discretion**

**a.   Presumption to Decline Jurisdiction**

The pendency of a state action does not require a district

4

1  court to decline jurisdiction over a declaratory action, however,

2  where there are "parallel state proceedings involving the same

3  issues and parties pending at the time the federal declaratory

4  action is filed, there is a presumption that the entire suit

5  should be heard in state court." GEICO, 133 F.3d at 1225 (citing

6  Chamberlain v. Allstate Ins. Co., 931 F.2d 1361 (9th Cir. 1991)).

7      Karen argues that because the pending state court action is

8  parallel to this action, there is a presumption that the state

9  court should hear the entire matter.  In Huth v. Hartford, 298

10 F.3d 800 (9th Cir. 2002), a case relied upon in the moving

11 papers, the Ninth Circuit upheld the dismissal of a declaratory

12 action when there was a declaratory action pending in the state

13 court and the state court action involved identical parties and

14 precisely the same issue.  Id. at 802.

15     This action and the state court action do not represent

16 parallel actions with identical parties and issues.  Here, the

17 state court action is a personal injury suit for damages between

18 Mark and Karen, while Empire seeks a declaration of its

19 obligations under the insurance contract.  The issue of liability

20 under tort law is not identical to the issue of an obligation

21 under a contract.  Further, Empire is not a party to the state

22 court action, nor can it join the action under California law.

23 The California Evidence Code prohibits the admission of evidence

24 of liability insurance.  Cal. Evid. § 1155 (West 1995).

25 Moreover, the California Supreme Court has construed § 1155 to

26 prohibit an action against both the insured and the insurer.

27 Moradi-Shalal v. Fireman's Fund. Ins. Co., 46 Cal. 3d 287, 311

28

1    (1988); <u>Royal Globe Ins. Co. v. Superior Ct.</u>, 23 Cal. 3d 880, 891
2    (1979).

3        Because there is no parallel state court action with issues
4    identical to those raised in this proceeding, this Court finds no
5    grounds to presume that the entire matter should be heard in
6    state court.  Thus, the decision to exercise jurisdiction in this
7    case is solely within the Court's sound discretion.

8

9        **b.   <u>Brillhart</u> Factors**

10

11       In determining whether to exercise its discretion, the court
12   must consider whether the declaratory action 1) will create
13   duplicative litigation, 2) will encourage filing declaratory
14   actions as a means of forum shopping, or 3) will require a
15   needless determination of state law.  <u>GEICO</u>, 133 F.3d at 1220
16   (quoting <u>Brillhart v. Excess Ins. Co.</u>, 316 U.S. 491 (1942)).
17   These considerations, commonly referred to as the <u>Brillhart</u>
18   factors, will now be addressed in turn.

19

20       **1.  Avoiding Duplicative Litigation.**  Retaining jurisdiction
21   over this matter will not encourage duplicative litigation.
22   Empire is well within its rights to bring an action to declare
23   its obligations under the insurance contract.  Further, as set
24   forth above, Empire cannot pursue its interests within the
25   pending state court action under California law.  Resolving the
26   tort liability issues and the insurance contract obligations
27   requires two separate actions.  As a diverse party, Empire chose

28

1  to bring its action in this federal court as it was entitled to

2  under 28 United States Code section 1332 (West 1993 & Supp.

3  2005).

4

5      **2.  Avoiding Forum Shopping.**  The court must also determine

6  whether the exercise of jurisdiction will encourage forum

7  shopping, or "reactive" declaratory actions.  A federal court

8  should not entertain a "reactive" or "defensive" declaratory

9  action brought by an insurance company.  <u>Continental Cas. Co. v.</u>

10 <u>Robsac Indus.</u>, 947 F.2d 1367, 1371 (9th Cir. 1991).  When the

11 insurer is a party to the state court action, filing a

12 declaratory action to determine an <u>identical</u> issue in federal

13 court is "reactive."  <u>Id</u>. at 1372-73.  In the present case,

14 Empire is not a party to the state court action, and, as set

15 forth above, cannot join the action.  Further, the tort liability

16 issues presented in the state court action and the contractual

17 obligation issues presented in this federal action are not

18 identical.  Because this federal action is not "defensive" or

19 "reactive," exercising jurisdiction over this matter does not

20 encourage forum shopping.

21

22     **3.  Avoiding a Needless Determination of State Law.**  A

23 federal declaratory action involves a needless determination of

24 state law where the pending state court action will resolve the

25 issue.  <u>Id</u>. at 1371.  Where the state and federal proceedings

26 will resolve the same issue, the state court is the preferable

27 forum.  <u>Huth</u>, 298 F.3d at 804.  In the present case, as already

28

7

1  indicated, the state court proceeding will resolve issues of
2  liability under tort law, while this declaratory action will
3  resolve contractual obligations.  Because the pending state court
4  action will not resolve the issues presented in this declaratory
5  action, this case does not present a "needless" determination of
6  state law.
7
8                              **CONCLUSION**
9
10      Based on the foregoing, Defendant Karen Broom's Motion to
11  Dismiss is hereby DENIED.
12
13      IT IS SO ORDERED.
14
15  DATED: November 16, 2005
16
17
18  _____
19  MORRISON C. ENGLAND, JR
    UNITED STATES DISTRICT JUDGE
20
21
22
23
24
25
26
27
28

                                  8